FILED
SUPERIOR COURT
OF GUAM

2024 SEP 23 PM 5: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MAHO K. QUINENE and RAMON J. QUINENE,<br><br>Plaintiff,<br><br>vs.<br><br>YUSUKE IMAZU, LEAP CORPORATION AND LEAP PUBLICATION, INC.,<br><br>Defendants. | CIVIL CASE NO. <u>CV0204-17</u><br><br>**DECISION AND ORDER DENYING RULE 12(B)(6) MOTION TO DISMISS OR RULE 12(H)(2) and DENYING MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 1st, 2024, for a Motion Hearing on Yusuke Imazu, Leap Corporation, and Leap Publication, Inc.'s Motion to Dismiss or Motion for Summary Judgment. Jeffrey Cook appeared for Maho K. Quinene and Ramon Quinene. William Pole and Carlos Taitano appeared for Yusuke Imazu, Leap Corporation, and Leap Publication, Inc. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** Defendant's 12(b)(6) Motion to Dismiss and **DENYING** Defendant's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Maho K. Quinene and Ramon Quinene ("M. Quinene" and "R. Quinene") initially filed their Complaint for Damages and Accounting on March 9, 2017. Yusuke Imazu filed a

Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint Pursuant to GRCP 12(b)(6) or GRCP 12(h)(2) or for Summary Judgment on April 19, 2024, closely followed by a Joinder of Defendants Leap Corporation and Leap Publication, Inc. to this Motion that same day. In response, M. Quinene and R. Quinene filed an opposition to Defendant's Motion for Summary Judgment on May 1, 2024, and Imazu filed a Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on May 10, 2024.

The relevant facts regarding the Motion to Dismiss and Motion for Summary Judgment are as follows:

1. Plaintiffs Maho K. Quinene and Ramon J. Quinene (hereinafter referred to collectively as "Plaintiffs" or "M. Quinene" and "R. Quinene" individually) filed a Complaint for Damages and Accounting in February of 2017, naming Yusuke Imazu (referred to as "Imazu"), Leap Corporation, and Leap Publication, Inc. (hereinafter collectively referred to as "Leap") as Defendants.

2. In their Complaint, Plaintiffs allege they, along with Imazu, formed Leap, with Imazu to be the majority shareholder in both companies.

3. The Complaint alleges that Imazu was made the majority shareholder in both companies solely as a matter of convenience to the benefit of the parties because the parties believed this would support Imazu's E-Visa application.

4. However, Plaintiffs allege that the true intent of the parties was for ownership of Leap Corporation and Leap Publication to be treated equally between Plaintiffs and Imazu, and to distribute income, assets, and share value equally.

5. Plaintiffs allege that, were it not for Imazu's need to obtain a visa, the parties would have owned an equal number of shares in the Defendant corporations.

6. Parties agree that, in the Articles of Incorporation for Leap Corporation, Imazu received 50,000 shares, M. Quinene received 19,999 shares, and R. Quinene received 1 share.

7. Plaintiffs allege that, since the formation of Leap Corporation, all income and liabilities have been divided equally, despite the difference in ownership of shares.

8. Plaintiffs allege that Leap Publication, Inc. was similarly formed, with Imazu holding the majority of shares, but with an agreement that all income and liabilities would be split 50/50 between Plaintiffs and Imazu.

9. Plaintiffs similarly allege that, since the creation of Leap Publication, Inc., all income and liabilities have been equally divided between Plaintiffs and Defendant Imazu.

10. Plaintiffs claim that despite the parties' agreement that the profits and assets be divided equally, Imazu is fraudulently claiming he is entitled, because of his larger corporate stock holding in Leap, to a larger share of the assets of Leap.

11. The conflict at issue arose in September 2015, when M. Quinene informed Imazu that she wanted out of the business because she and her husband, R. Quinene, were planning to move to Japan, and requested that Imazu buy her interest in the business.

12. Imazu offered to pay Plaintiffs for their interest as represented by their stock holdings, but refused to pay them one-half value of the companies as requested.

13. Plaintiffs allege that Imazu fraudulently induced them into setting up the corporation with Imazu as the majority shareholder while falsely representing that the profits and assets of the business would be divided equally between Plaintiffs and Defendant.

14. At this stage of litigation, Plaintiffs do not dispute that the Defendant entities involved in this case are corporations, and that the relationship between Defendant Imazu and Plaintiffs was not a partnership under Guam law.

15. The only written agreements between Plaintiffs and Defendants remain Article Five of the Articles of Incorporation of Leap Corporation and Article Five of the Articles of Incorporation of Leap Publication.

16. These written agreements, though they do include provisions for any sale, purchase, or other disposition of shares of capital stock and the option to purchase shares a stockholder wishes to dispose of, do not include a requirement that Defendant's purchase any share of capital stock from Plaintiffs.

17. On April 19, 2024, Defendant Imazu, joined by Leap Defendants, made a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) or Rule 12(h)(2), or a Motion for Summary Judgment.

## II.   LAW AND DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

However, "[f]raud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang*, 2016 Guam 26 ¶ 35. Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* ¶ 47. On the issue

of fraud, there are five elements: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to induce defraud or induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23.

Under Rule 12(b)(2), "A defense of failure to state a claim upon which relief may be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

A motion for summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(l)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27, 7.

Plaintiffs appear to allege two claims in their complaint. First, that Defendant Imazu agreed to equally split income, profits, and assets of the corporations and failed to uphold this agreement by refusing to buy out their shares, therefore breaching. Second, that Defendant Imazu fraudulently induced Plaintiffs into accepting the existing written agreement by falsely making an oral agreement to split assets equally despite holding unequal shares. Defendant has requested that the court review this case regarding whether Plaintiff has made a complaint upon which relief can be granted, as well as whether there is a genuine dispute of material fact for summary judgment.

**A. Did Plaintiffs fail to state a claim upon which relief can be granted when there was no written partnership agreement or shareholders agreement stating that assets and income would be shared equally and when parties agree that there was no partnership formed?**

The Court answers this question in the negative and denies Defendant's 12(b)(6) Motion to Dismiss. Defendant claims that Plaintiff cannot validly claim that there has been a breach of an agreement when there is dispute as to whether such an agreement ever existed. However, the law is generally clear that "[w]here the existence of a contract is at issue and where there is conflicting evidence, it is for the trier of fact to determine whether the contract actually existed." *Bustamante v. Inuit, Inc.*, 45 Cal.Rptr.3d 692, 699 (Cal. Ct. App. 16 2006). The Court is further required to construe the complaint in the light most favorable to the non-moving party, in this case the Plaintiffs. Plaintiffs have claimed that there was an agreement, and that Defendant Imazu breached that agreement when he refused to buy their shares. While the Court has yet to determine whether such an agreement existed, it is clear that there were some discussions between the parties that were not included in the written agreement, or Defendant Imazu would never have been splitting profits in equal shares with Plaintiffs.

Under the terms of the written agreement in the Articles of Incorporation of both corporations, Imazu was the majority shareholder and traditionally would have received a larger share of income during the shared ownership of the corporations. However, Plaintiffs have asserted and Defendant Imazu has failed to dispute that income and liabilities were being equally divided between Plaintiffs and Defendant Imazu up until Plaintiff M. Quinene decided she wanted out of the business.

Generally, a contract requires a "meeting of the minds," where both parties understand the terms and agree to them, having all the necessary information. However, even if there was no "meeting of the minds," "a contract which is voidable solely for want of due consent, may be ratified by a subsequent consent." *Guam United Warehouse Corp. v. DeWitt Transp. Servs. Of Guam*, 2003 Guam 20 ¶ 16-18 (citing 18 GCA § 85324); see also *Unfled Interest v. PacAir Props.*, 2017 Guam 9 ¶ 43 ("few contracts would be enforceable if the existence of subsequent disputes were taken as evidence that an agreement was never reached.")

While it is true that there is no written agreement outlining an equal division of assets between Plaintiffs and Defendant Imazu, Imazu could have ratified such an agreement through the act of equally dividing income in the operations of the business. Therefore, looking at the facts as plead, in a light most favorable to the non-moving party, the Court is not yet convinced that Plaintiffs cannot prove a set of facts in support of their claim which would entitle them to relief. *See* Taitano, 2008 Guam 9 ¶ 9. Therefore, the Court denies the 12(b)(6) Motion for Failure to State a Claim on the issue of a breach of agreement.

**B. Did Plaintiffs fail to state a fraud-related claim with sufficient detail to provide notice to defendants as to what fraudulent action is being alleged?**

The Court answers this question in the negative and denies Defendant's 12(b)(6) motion. Plaintiffs have alleged that "to induce Plaintiff Maho to become a partner with Defendant Imazu in the businesses, and to set up the corporation so that Defendant Imazu was the majority shareholder for immigration purposes, and with the intent to deceive and defraud Plaintiff Maho, Defendant Imazu falsely and fraudulently represented to Plaintiff Maho that the profits and assets of the business would be divided equally between Plainitff Maho and Defendant Imazu." Complaint, pp. 3-4. Plaintiff M. Quinene alleges that she "would never have entered into the

corporations with Defendant Imazu if she believed he was not going to keep his promise that everything would be treated equally." Plaintiff's Opp'n to Defendant's Motion for Summary Judgment, pp. 8.

In line with the requirements for a claim of fraud in the inducement:

- o 1) Plaintiffs have claimed that Defendant Imazu misrepresented that profits and assets of the business would be divided equally;

- o 2) Plaintiffs have alleged that Defendant Imazu knew at the time of the agreement that profits and assets would not be divided equally;

- o 3) Plaintiffs have alleged that Defendant Imazu intentionally agreed to equally splitting assets and profits despite the unequal share ownership to induce Plaintiff M. Quinene into making the agreement; and

- o 4) Plaintiffs allege that they have been damaged through the loss of part interest in the businesses, and also their portion of the goodwill and income of the two businesses.

Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Ukau*, 2016 Guam ¶ 47. It is clear from Plaintiff's Complaint that they allege intentional misrepresentations on the part of Defendant Imazu in order to induce Plaintiffs to agree to certain terms. Whether or not Defendant Imazu made such misrepresentations upon which Plaintiff Maho relied is an issue for the trier of fact. The Motion is therefore denied.

**C. Did Defendants sufficiently show that there is no genuine dispute as to any material fact and that Defendants are entitled to Judgment as a Matter of Law when there is disagreement of fact as to whether there was an oral shareholders agreement to split income and assets equally?**

The Court answers this question in the negative and denies Defendant's Motion for Summary Judgment on this issue. Although the Defendant correctly asserts that the Court possesses the power to enter summary judgment sue sponte, even on the eve of trial, the Court is not required to grant such a judgment when there remains a dispute as to any material fact.

The fact remains that parties disagree as to the nature of the agreement. Although parties are in agreement that no partnership ever existed, they disagree as to whether there was an additional oral agreement regarding equal distribution of assets and profits despite the way in which shares had been apportioned. Plaintiffs have alleged and Defendants have failed to dispute that Defendant Imazu complied with the terms of an equal share division of profits until he was approached by M. Quinene with a request to buy her shares. If Defendant's representation of the agreement only being contained within the written Articles of Incorporation were to be taken as true, it seems that liabilities and profits would never have been shared equally and would have instead followed from the number of shares owned by each shareholder. Therefore, because genuine disputes of material fact remain, Defendants are not entitled to Judgment as a Matter of Law and the Motion for Summary Judgment is denied.

**D. Did Defendants sufficiently show that there is no genuine dispute as to any material fact and that Defendants are entitled to Judgment as a Matter of Law when there is disagreement of fact as to whether Defendant had knowledge or intent to defraud Plaintiffs?**

The Court answers this question in the negative and denies Defendant's Motion for Summary Judgment on the issue of fraud in the inducement. Plaintiff has alleged that Defendant Imazu set up the corporations so that Defendant Imazu was the majority shareholder, and intentionally misrepresented to Plaintiffs that the profits and assets of the business would be divided equally between Plaintiff Maho and Defendant Imazu. Defendant Imazu has alleged that no such agreement was discussed or made, and the parties' only agreement as to ownership of assets is found in the Articles of Incorporation of both businesses. However, Defendant Imazu has failed to show that parties were not distributing profits equally throughout the duration of the relationship, as claimed by Plaintiffs.

Therefore, there remains a clear disagreement of the facts regarding whether the Defendant made an oral agreement to split assets and profits equally, and, if such an agreement was made, whether Defendant Imazu intended to misrepresent his intentions in order to induce Plaintiffs in to agreeing to the written terms. Therefore, the Motion for Summary Judgment on this issue is denied.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES the 12(b)(6) Motion to Dismiss and DENIES the Motion for Summary Judgment.

SO ORDERED    9/23/24

HON. JOHN C. VERLAJE
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Cunliff-Cook, W. Pule
C. Taimmo
Date: 9/23/24 Time: 5:31pm
Scott E. Hermosilla
Deputy Clerk, Superior Court of Guam